UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RICHARD SNYDER,

                              Plaintiff,

              – against –

WELLS FARGO BANK, N.A. as successor to
WACHOVIA BANK, N.A.,

                              Defendant.
-----------------------------------------------------------------X

11 Civ. 4496 (SAS)

[PROPOSED]
**SCHEDULING ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/14/11

WHEREAS, the Court issued an Order for a Conference in accordance with Fed. R. Civ. P. 16(b) on August 24, 2011 (the "Order"); and

WHEREAS, the Order requires that the parties jointly prepare and sign a proposed scheduling order containing certain information;

NOW THEREFORE, the parties hereby submit the following information as required by the Order:

1. **The date of the conference and the appearances for the parties are:**

October 12, 2011 Conference Date. Appearances: (A) Brian Kennedy, Esq., Law Office of Brian Kennedy for Plaintiff; and (B) Joseph A. Vallo, Esq. and Michael P. Manning, Esq. of Greenberg Traurig, LLP for Defendant.

2. **The date by which automatic disclosures will be exchanged:**

The parties Rule 26(a) initial disclosures be provided on or before November 9, 2011 and that all other discovery proceed thereafter.

3. **Concise statement of the issues as they then appear:**

Plaintiff opened two accounts with defendant on or about July 31, 2008 and assets consisting primarily of equity securities were transferred into such accounts during August 2008. Plaintiff contends that defendant failed to immediately implement a strategy to transform the

NY 241,507,190

transferred portfolios from one "overly concentrated in certain securities, ... and susceptible to significant stock market risk," to one with an "investment objective . . . to preserve and protect his wealth, and . . . to reallocate and diversify his investment portfolio." Complaint, ¶¶ 11, 18. The accounts declined in value, particularly in the immediate aftermath of the Lehman Brothers bankruptcy filing, plaintiff closed the accounts very soon thereafter, and now claims that defendant is liable alleging claims for breach of contract, breach of fiduciary duty, negligence and unjust enrichment. Defendant denies all allegations of wrongdoing and any liability to plaintiff for damages in any amount under any theory.

**4. A schedule including:**

**(a) The names of persons to be deposed and a schedule of planned depositions:**

Plaintiff intends to depose: (a) Anthony Rogers, (b) Maria Cianci, (c) persons listed in defendant's Rule 26(a) disclosures, and (d) other former or current representatives of defendant who dealt with plaintiff's accounts.

Defendant intends to depose: (a) plaintiff Richard Snyder, (b) plaintiff's then CPA, Elliot Levine, (c) plaintiff's assistant(s) for the period between June 1, 2008 through December 31, 2008, (d) Mildred Kalik, (e) persons listed in plaintiff's Rule 26(a) disclosures.

The parties reserve the right to notice additional or alternative deposition, and to object to the deposition of any non-party witness noticed for a deposition, as discovery progresses. Depositions to commence after productions of documents and information, and answer to interrogatories.

**(b) A schedule for the production of documents:**

2

(i) The parties shall exchange initial requests for production of documents and information and interrogatories by ~~the later of (x)~~ December 15, 2011 ~~or (y) twenty-one (21) days after a decision is rendered on defendant's motion to compel arbitration.~~ n/a

(ii) The parties will serve responses, objections and production to written discovery requests within ~~thirty (30)~~ fourteen (14) days ~~of service thereof~~ of the decision on motion to compel arbitration

(c) **Dates by which (i) each expert's reports will be supplied to the adverse side and (ii) each expert's deposition will be completed:**

(i) The parties will designate experts and provide Rule 26 reports to the other within forty-five (45) days after completion of fact discovery.

(ii) Rebuttal expert reports, if any, shall be provided within thirty (30) days of service of the initial expert reports.

(iii) Expert depositions, if any, to be completed within thirty (30) days of service of rebuttal expert reports or, if none, sixty (60) days from service of the initial expert reports.

(d) **Time when fact discovery is to be completed**: May 31, 2012.

(e) **the date by which plaintiff will supply its pre-trial order matters to defendant**:

Plaintiff shall provide defendant with pre-trial order matters within sixty (60) days of completion of expert discovery.

(f) **the date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed *voir dire* questions and proposed jury instructions, for a jury trial**:

Within 30 days of plaintiff providing defendant with pre-trial order matters.

(g) **Final pre-trial conference pursuant to Fed.R.Civ.P. 16(d), to be filled in by the Court at the conference.**

6/19 at 4 SL

3

**5.  A statement of any limitations to be placed on discovery, including any protective or confidentiality orders:**

The parties contemplate entering into a Confidentiality Stipulation concerning the exchange of confidential information. As discovery progresses, the parties may seek additional confidentiality or protective orders.

**6.  A statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement:**

None to date.

**7.  Anticipated fields of expert testimony, if any:**

Plaintiff: Investment portfolio analysis including, but not limited to, asset allocation and fiduciary responsibilities, and damages analysis, including but not limited to actual damages and market adjusted damages.

Defendant: (a) The process of transferring securities accounts among firms. (b) The process of formulating and implementing changes to aggressive investment portfolios including, inter alia, hedging, covered call writing and collar strategies. (c) Profit and loss analysis for applicable accounts.

**8.  Anticipated length of trial and whether to court or jury:**

Five to seven days. Plaintiff anticipates trying the case to a jury.

9.  This Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when justice so requires.

**10.  The names, addresses, phone numbers and signatures of counsel:**

| LAW OFFICE OF BRIAN KENNEDY | GREENBERG TAURIG, LLP |
|---|---|
| By: _____<br>Brian Kennedy, Esq.<br>909 Third Avenue, 28th Floor<br>New York, NY 10022<br>Tel: (212) 687-0099<br>Fax: (212) 599-5551<br>Email: kennedy@boklaw.com<br>Attorneys for Plaintiff | By: _____<br>Joseph A. Vallo<br>Michael P. Manning<br>200 Park Avenue<br>New York, New York 10166<br>Tel: (212) 801-9200<br>Fax: (212) 801-6400<br>Email: valloj@gtlaw.com<br>        manningm@gtlaw.com<br>Attorneys for Defendant |

SO ORDERED: _____
_____
Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
      October __, 2011

NY 241,507,190