UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

RICHARD SNYDER,

             Plaintiff,

- against -

WELLS FARGO BANK, N.A. as successor
to WACHOVIA BANK, N.A.,

             Defendant.
------------------------------------------------------- X

**MEMORANDUM OPINION
AND ORDER**

11 Civ. 4496 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

I.    INTRODUCTION

        Plaintiff Richard Snyder brought suit against Wells Fargo Bank, N.A., as successor in interest to Wachovia Bank, N.A. ("Wachovia") for breach of contract and breach of fiduciary duty. After an eight-day trial, the jury found that Wachovia breached its contract with Snyder on September 9, 2008 and awarded damages comprised of the monthly transaction fees charged by Wachovia for its managment of Snyder's account totalling $7,437.71.[1] The jury found that Wachovia breached its fiduciary duty to Snyder as of September 27, 2008, and that Wachovia's fiduciary obligation to Snyder ended on October 6, 2008, and awarded

---

[1] *See* Verdict Form, Ex. 7 to Declaration of Brian Kennedy in Support of Motion for a New Trial ("Kennedy Decl.").

damages of $724,999.20.[2] In an Order dated April 17, 2013 (the "JMOL"), I granted Wachovia's motion under Federal Rule of Civil Procedure 50(b) for judgment as a matter of law setting aside the jury's verdict on Snyder's breach of fiduciary duty claim.[3] Snyder now moves for a new trial on the fiduciary duty claim and on the issue of damages only on the breach of contract claim.[4]

## II.   LEGAL STANDARDS

Under Federal Rule of Civil Procedure 59(a), "court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."[5] A motion for a new trial may be made in lieu of or as an alternative to a motion for

---

[2]   *See id.* The Verdict Form, which was reviewed by both parties, anticipated that the breach of fiduciary duty claim would begin as of the date of any breach of contract found as evidenced by its reference back to Question 2 Part I (asking the jury to state the date of the breach of contract, which it found was September 9, 2008). Instead the jury selected a different date – September 27, 2008 – for the breach of contract.

[3]   *See generally* 4/17/13 Opinion and Order (Dkt. No. 91). I also granted Snyder's cross-motion to alter or amend the judgment, pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)"), to add statutory interest to the damages award for the breach of contract claim. *See id.*

[4]   *See* Memorandum of Law in Support of Motion for a New Trial on Some of the Issues Pursuant to Fed. R. Civ. P. 59(a) ("Pl. Mem.") at 1.

[5]   Such motion must be made within twenty-eight days from the entry of judgment. *See* Fed. R. Civ. P. 59(b).

judgment as a matter of law, and the test is less stringent than for granting judgment as a matter of law.[6] In addition, when a court grants judgment as a matter of law following a jury verdict, the losing party may move for a new trial pursuant to Rule 59 within twenty-eight days of entry of judgment as a matter of law.[7] "A motion for a new trial should be granted when, in the opinion of the district court, the jury has reached a seriously erroneous result or the verdict is a miscarriage of justice."[8]

A court may order a new trial on some, but not all issues in a case, and "[t]he most common example of a partial new trial is a new trial limited to damages when liability has been properly determined."[9] A district court may grant a new trial limited to damages where the verdict was inadequate.[10]

---

[6] *See Caruolo v. John Crane, Inc.*, 226 F.3d 46, 54 (2d Cir. 2000) ("Unlike a motion for judgment as a matter of law, a motion for a new trial may be granted even if there is substantial evidence to support the jury's verdict.") (quotation marks and citation omitted).

[7] *See* Fed. R. Civ. P. 50(d).

[8] *Chin v. Port Auth. of New York & New Jersey*, 685 F.3d 135, 146 (2d Cir. 2012), *cert. denied*, 133 S. Ct. 1724 (2013) (quotations and alterations omitted).

[9] *Diamond D Enters. USA, Inc. v. Steinsvaag*, 979 F.2d 14, 17 (2d Cir. 1992) (quotations omitted).

[10] *See id.* at 17-18. *See also Anderson v. Metro-N. Commuter R.R.*, 493 Fed. App'x 149, 151-52 (2d Cir. 2012).

## IV. DISCUSSION

### A. Breach of Fiduciary Duty Claim

Having already found that the jury verdict on the fiduciary duty claim warranted judgment as a matter of law, there is no question that the verdict met the lesser standard for a new trial. The JMOL was not a judgment that Snyder could not prove liability for breach of fiduciary duty as a matter of law, or based on the facts set forth at trial. Rather, I held that:

> In sum, there is no evidence that Wachovia breached a fiduciary duty independent of its duties under the contract on the day Snyder directed BoNY to prepare to receive the accounts or at any point afterward. Thus, the jury's determination that Wachovia breached its fiduciary duty to Snyder on September 27, 2008, is without evidentiary support and appears to have been the basis of conjecture or confusion rather than any theory of the case put forth by plaintiff.[11]

The JMOL held that the date that the jury selected for the breach of fiduciary duty was unsupported by the evidence. It did not conclude that the jury could not have reached any reasoned finding of liability. Therefore, a new trial is warranted on the fiduciary duty claim.

### B. Breach of Contract Claim

Wachovia did not move for judgment as a matter of law on the breach of contract claim, and Snyder did not challenge the damages award in his cross-

---

[11] See JMOL at 15.

motion for amendment of that judgment.[12] However, the JMOL represented a new judgment – one that significantly altered the outcome of the case. Snyder had the right to bring a motion for a new trial under Rule 50(d) within twenty-eight days of *that* judgment. Rule 50 does not by its terms limit the right to seek a new trial to those claims which were the subject of judgment as a matter of law. Moreover, the rule that a court "*may* order retrial on some but not all issues in a case . . . even when the issues are related"[13] does not mean that the court lacks the power to order a new trial on issues that were not raised in the motion – *particularly* when they are closely related, as the contract and fiduciary duty claims here indisputably are.[14] To the contrary, "[p]artial new trials should not be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice."[15]

---

[12] Wachovia argues that Snyder is therefore barred by the jurisdictional requirement that any Rule 59 motion for a new trial be brought within twenty-eight days of entry of judgment. *See* Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for a New Trial at 6.

[13] *Liriano v. Hobart Corp.*, 170 F.3d 264, 272 (2d Cir. 1999) (emphasis added).

[14] *See id.* (recognizing that "it is possible that a judge might conclude that the facts of a given case required reexamining the relative liabilities of two defendants as part of a retrial on the issue of a plaintiff's comparative negligence").

[15] *Caskey v. Village of Wayland*, 375 F.2d 1004, 1009-10 (2d Cir. 1967).

Here, the damages awarded for breach of contract were essentially the disgorgement of fees that Wachovia charged for managing Snyder's account. It is apparent from the award of $724,999.20 for breach of fiduciary duty that the jury believed that Snyder's losses resulting from Wachovia's conduct were considerably greater than the amount of fees. It would be unjust to vacate the award of fiduciary duty damages and leave Snyder with only the management fees where that was clearly not what the jury believed the evidence warranted, leaving aside any confusion they had about the law.

By the same token, Snyder cannot cherry pick the portions of the judgment with which he is satisfied and have a second bite at the apple on those with which he is not, thus immunizing himself from any downside. To leave in place the judgment of liability on the contract claim and permit a new trial on the breach of fiduciary duty and contract damages would do just that. In the interest of fairness, a new trial on the contract claim must be a new trial on liability *and* damages.

## IV. CONCLUSION

For the foregoing reasons, a new trial is ordered on all claims in this case. The Clerk of the Court is directed to close this motion (Dkt. No. 93) and vacate the judgment. A conference is schedule for August 13 at 5:00 p.m.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:  New York, New York
July 29, 2013

- **Appearances** -

**For Plaintiff:**

Brian Kennedy, Esq.
87 Walker Street, 2nd Floor
New York, NY 10013
(212) 687-0099

**For Defendant:**

Michael P. Manning, Esq.
Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166
(212) 801-9200